Thank you for taking the appointment on a pro bono basis. Good morning, your honors, and may it please the court, Alex Bonneman on behalf of Namir Greene. I'd like to try to reserve two minutes for rebuttal, and I will keep my eye on the clock. The district court erred by calculating the guidelines range as if Mr. Greene had been convicted of the crime of carjacking when the stipulated facts in his plea agreement did not specifically establish every element of that offense. Counsel, I'm troubled by the fact that Mr. Greene at his plea colloquy basically stipulated that he had committed the other carjacking, the carjacking and the what were they six or eight other Hobbs Act robberies. So why can't the district court take that as a concession that he is in fact guilty of carjacking under the statute? So I think two points on that. First that the facts that we're looking at in applying this guidelines version have to be within the plea agreement itself. But even beyond that, I don't believe that he admitted at the plea colloquy that he committed a carjacking within the meaning of carjacking under the federal statute, which it doesn't say that. But but he does say that the court could properly consider and calculating the guidelines that he had as relevant conduct, that he had committed these other robberies and a carjacking. So I'm a little bit puzzled as to why we're here arguing. I appreciate the technical legal argument, but I'm trying to look at it from the practical standpoint of the district judge who's doing the guideline calculation, you know, what's wrong under relevant conduct with assuming that he was guilty of carjacking? Sure. So I just want to be very clear. The government is not making a relevant car conduct argument here. And I think the reason why is that this doesn't it is it's set forth in the plea agreement that that's clearly in front of us. So district court engaged in an extensive colloquy with them when the rule 11 plea was taken. So. So I think we might be talking past each other. What the plea agreement says is that he used a BB gun to intimidate and steal a car. And while I understand addition on April 15th, it should say it says August, it should say that's great. I'm sure we're talking about the same sentence. Sure. It's the one on page six of the agreement. ER 137. That's what that's correct. OK. Using a BB gun to intimidate a vehicle owner stole a vehicle, namely a 2010 Honda Accord. That's right. Is there anywhere else in the plea agreement where there's where there's a discussion of this April 15th incident? I don't believe so. Just OK. So then can understanding that now that that's what you're referring to, could you circle back to Judge Tolman's question? Sure. So, you know, those facts, while they might be a carjacking, as we would colloquially use the term carjacking in the statute, has a very specific statutory definition. Why are we looking at the statute rather than the guidelines? Because the guidelines do not require the same the same elements. They don't require the mens rea element. So I'm looking at carjacking in the in the guidelines and carjacking in the commentary to the guidelines just as it means that taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation. So it tracks what he said in the plea agreement. Sure. So you're talking about the carjacking enhancement in the guidelines. The problem is that there's nothing to tack that enhancement on to unless you first determined that the facts about the April 15th vehicle theft in the plea agreement specifically establish a carjacking or, as the government has argued here on appeal, a Hobbs act robbery. And so that's why you have to look at the statute, the definition of carjacking. So I'm just wondering why we look at the statute. The definition of carjacking is pretty much the same as the guidelines commentary. I looked at dictionaries from that period and none of them require a mens rea. So why, when nobody has mentioned the mens rea, does that mean that his plea is not established carjacking? Sure. So we're talking about the application of 1B1.2C of the guidelines. 1B1.2C says that we can treat the defendant as having committed an additional offense to which he did not plead guilty only if every element of that crime is specifically established by the facts in the plea agreement. So we have to look at the statute to see what the elements of the crime are before we can... So what language requires us to look at 2.1.1.9? I don't think it's referenced, is it? So guidelines 1B1.2C says that it applies when there is, quote, a stipulation that specifically establishes the commission of an additional offense. Counsel, there's two different arguments here, right? The first question is whether or not there was a pseudo-offense, whether your client stipulated to all of the elements of the criminal statute, right?  And Judge Acuda is now going to the fallback argument that the government raised, which is, right, if we're into just the enhancement, then she gets to a different definition. That's what I think we're calling your attention to. Okay, sorry if I missed that. I think the problem is that to apply the enhancement, you have to have a pseudo-offense to start with. Otherwise, there is nothing to tack the enhancement onto. Right. And I don't think the government argues that the, I'm going to call it the April 15th incident with the Honda, that that vehicle theft qualifies. On its own, it's not an offense that involved, the offense you pled guilty to isn't an offense that involved a vehicle. So that can't be the enhancement. You have to latch the enhancement by its terms onto a conviction that involved a vehicle. I think that's why the government comes forward with this, I think, somewhat creative argument. Right? If you could engage in that. Sure, that's correct. Then they talk about this other incident, because he pled to one Hobbs Act robbery. And I think their argument is that that could be treated as a sort of a Hobbs Act robbery of the car. That's correct. I don't know how else to explain their theory, right? But if you do it that way, then you do get to the enhancement that Judge Acuda is talking about, right? Right. So if you could- That definition that's in the enhancement. Right. So I think I agree with what Your Honor is saying. There has to be an actual crime that arises specifically out of the April 15th incident for us to even be in the conversation about whether we can tack on the guidelines enhancement. And that is because- The reason for that is because it's not relevant conduct for the other- He pled guilty to the one offense, just the one offense. That's correct. That's correct. Well, what are we doing with these pseudo-counts? I didn't see the word pseudo in the U.S. sentencing guidelines, and where does that come from, and what does it mean? How are we supposed to understand that? Sure. So I think it's a term that probation uses, but what it's basically- Is it an officer slang? It appears to be, perhaps. But what it's doing, I think, is listing out offenses to which 1B1.2C applies, where the criteria of the specifically established provision of the guidelines are met. And so it found that with respect to the other convenience store robberies to which he did not plead guilty, that those offenses were specifically established as independent robberies under the guidelines. The question that we have here, though, is about the April 15th theft, because that's the only way that you can get to the carjacking enhancement, is if that April 15th incident on its own is a discreet federal crime, and the government, the probation officer got there by treating it as a federal carjacking, which we think was wrong. The government is trying to get there by treating it as a Hobbs Act robbery, which we also think is wrong. But the government is not arguing that you could tack the carjacking enhancement onto either one of the other robberies. It's agreeing that if you're going to apply it, it has to be out of this discreet April 15th incident. Mr. Bowerman, you didn't challenge the lack of a factual basis to support the interstate commerce element of the Hobbs Act charge, did you? So I think in the district court, this was not being treated as a Hobbs Act robbery. But it is now. I agree that it's a fallback argument. I think it's really an argument that even if the court erred in its Braxton analysis, because he didn't stipulate to all the elements of Hobbs Act robbery, excuse me, of carjacking, of the criminal offense, he did not stipulate to all those elements. So in the fallback, they're arguing that that would be harmless. Because we can treat this other incident that's in the plea agreement, which is a vehicle theft, we can treat it as a Hobbs Act robbery, and hence Judge Tallman's question. Then you'd have to show how would we get to interstate commerce. Right. And that's right. And the district court didn't address that, didn't reach it. Well, right. Nobody had to reach it in the district court because, again, this was treated in the district court as a carjacking and not a Hobbs Act robbery. So I think-  So but now here we are. Sure. And that's their fallback argument for harmless error, basically. Yes. Yes. Is the way we understand it. I guess if we misunderstood this, and it did require drawing some pictures on the margin of the brief, but if we misunderstood this, opposing counsel can talk. That's exactly how I understand it. Okay. So Judge Tallman asked the question I think we're all interested in, which is, you haven't briefed. No one's briefed this interstate commerce element, right? So I think we did brief it in our reply brief. Well, sort of. Here. You mean here? Yes. Yes. Yes. Not in, right, but not in the district court. And we haven't heard what the government has to say about it. And there's nothing in the factual basis in the plea agreement that addresses the interstate commerce element. Well, I- Or any of the Hobbs Act violations. Yeah. So what is your position? What would we, what do we do about that? Well, I think it's a legal question that the court could address here. Do these facts about the April 15th vehicle theft specifically establish a Hobbs Act robbery? We think they clearly don't because there's nothing in there that would suggest an effect on commerce. But, you know, if the court is uncomfortable with the fact that the government hasn't briefed this, you know, I think they could have briefed in their answering brief, but- You're on plain error review. Sure. I mean, that's what's bothering me. It's a very tough bar for you to clear in order to reverse and remand for resentencing. I mean, I can see how the error occurred, but I'm really struggling to figure out where the harm is. Sure. I mean, we could send it back and the court could impose the same sentence that it imposed. He committed, what, 40 robberies and carjackings? I mean, I don't think Willie Sutton robbed that many banks in the 1930s. But he pled to one. So, right. He pled to one. And the court chose a mid-level, a mid-range guideline. Correct. Because there were a lot of equities sort of both ways. So, it's tough to know what the court would do. But I certainly agree with Judge Chalman, this might result in the very same sentence. It could, Your Honor, but I think it's important to note that the sentence that he received now, if we take out the two-level guidelines enhancement, would be an above-guidelines sentence.  And the district court never suggested it. It's a record, a variance upward. It'd be hard to say that was an abuse of discretion given the criminal conduct that was before the district court. Perhaps. But the question is, on the third prong of plain error, is only is there a reasonable probability that he would receive a different sentence? And the Supreme Court has said that when there's a guidelines error, that's nearly always going to be satisfied. And the government is not disputing that if the guidelines range changes, that the court should send it back. The only argument that it's making is that the court could reach the same calculation in a different way. You're over time, but we'll give you a minute. Oh, it's just for that. Thank you. We had lots of questions. Thank you. Yeah. We hear from the government. Good morning, Your Honors. May it please the Court. Jenna McCabe on behalf of the United States. Starting with the issue about whether or not this carjacking enhancement could apply, regardless of whether or not the elements here for carjacking are met, I agree that in our papers we're discussing how that offense on that date constituted a carjacking. Our position is that that is the only reasonable inference that the district court could have made was that he had the requisite mens rea. However, in addition to that, while the carjacking enhancement could apply to the theft of that car on that date, should that be determined to be a robbery, it is also possible that it could apply to the count of conviction as well because he fled in the carjacked car. And as this court has held previously... Wait a minute. Now you've lost me. I thought you were skipping the Braxton issue and going to the enhancement. Are you going back to the Braxton issue? I'm just trying to keep up. The enhancement issue, Your Honor. So you're not conceding the Braxton... You're skipping the Braxton issue. I'm skipping the Braxton issue at this moment, but I'm happy to address that in detail as well. That's fine. Okay, so go right ahead. I don't mean to interrupt. You're saying that the enhancement would apply because... The enhancement would apply for the reasons that we laid out in our brief with respect to treating this as a robbery, but just to... Hold on. But on that we were just discussing. I don't know why because nobody's briefed Interstate Commerce. Yes. No one had the opportunity to brief Interstate Commerce to the district court. If we were given the opportunity to do so, we would have. But as this court pointed out, there is no specific reference to Interstate Commerce in the factual basis here. But the defense in its opening brief did concede that the robbery guideline should apply rather than the carjacking guideline. And because the guideline is the same for both with 2B3.1, I think the issue is really whether the two level... But the... So back up, if you could please. There was a concession about the Hobbs Act robbery guideline applying because he pled guilty to Hobbs Act robbery. Yes, Your Honor. So now we're talking about the enhancement. Yes. Because that added two points. And so to get there, I think you have to have this enhancement attached to something. Agreed. Right? Okay. And so your, I think, very creative argument is that that vehicle theft... And we just read the one sentence in the plea agreement that talks about the vehicle theft and it uses the word intimidation. Yes. Yep. And that matches the definition for the enhancement, not for the statute, but for the enhancement. Yes. Okay. But you still have to have a Hobbs Act robbery. You're treating that April 15th incident as a Hobbs Act robbery. And so that would... You need to have all the elements. And there hasn't been a ruling on Interstate Commerce. There has not. That's correct, Your Honor. Okay. And there hasn't really been a ruling on mens rea either. But he did stipulate to intimidate, which strikes me as coming awfully close. Yes. But I just don't know how to get around the Interstate Commerce. Could the district court consider the victim's statement at sentencing in order to fill the evidentiary gap here on the mens rea? I mean, she testified to the fact that she was absolutely terrorized and thought he was going to kill her if she didn't give up her car. Yes, Your Honor. That victim specifically was the victim of another carjacking that this defendant had committed, not one of the dismissed charges or the one referenced on that particular date in the factual basis. Would it be appropriate for the district court to consider that as relevant conduct? Yes, that would be my position, Your Honor, that it should be considered as relevant conduct as we did discuss in our brief that that portion of the plea agreement where the defense agreed that the dismissed charges could be considered by the district court, that in conjunction with the factual basis that he admitted to, as well as the plea colloquy, there's a number of citations that we have to the record where he is admitting to the carjacking, admitting that the court can consider those facts, and so as relevant conduct. You have a citation to the record where he admitted a carjacking? The plea agreement is what we have to look to. It does not admit a carjacking. That's the problem. I don't think mens rea is a problem because he admitted to using the BB gun to intimidate, which strikes me as intentional use of force, and I don't think that's going to be the problem. But I just keep coming back to interstate commerce. Interstate commerce. If I may just clarify your question, Your Honor. Interstate commerce with respect to the Hobbs Act robbery? You need the April 15th incident to qualify as a Hobbs Act robbery, right? Because you're not arguing the Braxton issue. Is that your argument, that we should deem the April 15th, 2023 action to be a Hobbs Act robbery? Thank you for clarifying. My position is that this court should consider it as a carjacking, and to find that under Braxton, all the elements are met with respect to this factual basis. Putting that aside for a moment, you're disagreeing or you're not asking us to hold the April 15th, 2023 conduct as a Hobbs Act robbery. Is that correct? I would argue that that would be our alternative argument.  Correct, Your Honor. Okay, so if we disagree that that is the 2-119 offense, section 2-119 offense, then if we are going with your fallback argument that it is a Hobbs Act robbery, Judge Kristen, I'd like to know, what do we do about the interstate commerce requirement? Thank you, Your Honor. I'll address that specifically. So, what we're dealing with here is just those facts that the court has gone through today. There isn't a specific reference to interstate commerce. My position would be that there is sufficient information in the pre-sentence report to support that. However, I will concede that it is not in the factual basis itself with respect to that date, that conduct of stealing the car, both between the paragraph of the plea agreement where he is agreeing that the dismissed charges can be considered and then also the factual basis itself. So that is an issue. However, we are raising it as a fallback because that interstate commerce had not been briefed or been relayed to the district court at the time of sentencing. It's a pretty easy inference to make on a carjacking charge that the vehicle had traveled in interstate commerce before it was stolen from its owner. Yes, Your Honor. That is a pretty easy inference to make. Unless it was a Tesla that was manufactured in Newark. And it was a Honda here. It was a Honda. But of course, there's other circuit authority that says that's not enough. You know the law on this. I do. So what do we do about that? So there is information about where this car was stolen from and the fact that it was at a gas station. Things could have closed down. You're saying you couldn't prove it if you'd proved it. But this just didn't come up. It wasn't litigated. Yes, Your Honor. And you know the law on this. Absolutely. And I think that's kind of the issue that we're in because it wasn't raised with the district court. So we didn't have an opportunity to address any of this or to have the district court consider. Neither party raised it. It's actually your fallback argument at this point.  So let me move back from the fallback argument, which I think we understand, to your primary argument that the plea agreement says, let's see, in addition on, it should be April 15th, defendant using the BP gun to attempt, if Ickle, owner stole of Ickle. How does that suffice given that Section 219 has very strong language about the mens rea. Can you explain that? Yes, Your Honor. So I just want to clarify what our position is with respect to the mens rea. And I want to quote directly from Holloway on this. Holloway says that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car. So given that he has admitted that the BP gun was a dangerous weapon, that he used that dangerous weapon to steal the car, we believe that the communication of that intimidation is sufficient to show that if necessary. And I think that's the critical point here, is that if it was necessary to steal the car, that he would have used that BP gun further than he had to steal the car, but the car owner had given it up to him at that point. And so while the defense argues that he may not have wanted to hurt someone or he may not have planned to hurt someone, that's not what's required for the carjacking mens rea. It really is that conditional willingness to do so. This is just nowhere in the plea agreement. Yes, Your Honor. It is what we are arguing is the only reasonable inference from what is in the plea agreement itself. The problem then is Braxton says we can't do that. You're just running headlong into Braxton, and I appreciate the position that you're in. I understand that your position is that you think this would be busy work and that you could prove this on remand. There's a lot of case law about the importance of calculating the guidelines correctly, as you know, of course. And the difficulty in this particular case, of course, is that there's this sentence. It's going to change the guidelines range, and this sentence wouldn't be in it anymore. This is a very young defendant. These are very serious crimes. There were a lot of them. You could look at this and say he got a heck of a deal in one way because he only had to plead to one offense. On the other hand, of course, there was a lot of other evidence in his side, and the district court acknowledged that in her on-record comments. She understood, and then she picked a mid-guidelines range. So how do we know what would have happened? How can we really say this is harmless? So I completely understand Your Honor's point. We don't know what would have happened, although I will note that the probation office was recommending an upward variance to the sentence that the district court gave. And then in the sentencing transcript, the district court specifically talks about why it's choosing that and says something along the lines of, I could have gone higher, but I'm not because of this mitigating information that the defense has provided. And if I may just make one point in response to the Braxton arguments that the defense is making, but also to respond to Your Honor's question. In Braxton specifically, the Supreme Court noted that that was tied to the specific facts of that case, and even went as far to say that a stipulation that the defendant had shot at a marshal without any qualification about his intent would perhaps even include the necessary intent here. And so given that Braxton had left open the issue of whether or not the exact language needs to be included in the factual basis, I think the plea agreement here that includes both the agreement that dismissed charges could be considered and the factual basis, including that intimidation to steal the car with the use of a BB gun, is sufficient. Counsel, Braxton is all about treating that agreement as a contract and not drawing inferences, and that's your problem. And I don't hear you grappling with that problem. To grapple with that problem, the Braxton decision, I think, left open the fact that a court can make that inference, given that it talked about how the facts of that case did not include that the defendant shot at a marshal. And that if that was in there, the court may have come out differently. And so under plain error review, I think the district court here, if it had erred, it certainly was not clear or obvious given that the mens rea for carjacking is qualitatively different from the mens rea for attempting to kill, given that the defendant in Braxton specifically pled not guilty at the time of the plea. Colloquy did not have a plea agreement with the government for the attempted murder charge and only was pleading to assault. We don't have a plea agreement that includes this other charge either. That's why Braxton is so difficult for you. Yes, I agree that it is difficult, but I do not think that it makes it such that this is reversible error here, given all of the differences between that decision and the facts that we have in this case. Okay, we've kept you awake over your time. Unless the court has other questions, we'd urge this court to affirm. Thank you. Thank you. And you have a minute for rebuttal. Thank you, Your Honors. I just want to start with this court's decision in Lawton, and it says, I think, the rule very clearly. A stipulation which supports two reasonable readings, one of which is inconsistent with guilt, is not a stipulation that specifically establishes a crime. So the government's thrown out two potential crimes here, carjacking and Hobbs Act robbery. The question is, is there a reasonable reading of that one sentence in the plea agreement that is inconsistent with guilt for the crime of carjacking? The answer has to be yes. Nothing in the plea agreement suggests, much less specifically establishes, that he intended to kill or cause serious bodily harm. And with respect to – sorry, Judge Talbot. If the plea agreement had been silent on the relevant conduct cases, could the district court still have considered the dismissed charges as relevant conduct for purposes of the guideline calculation? So, no. Because of the definition of relevant conduct in the guidelines, which treats each robbery as a discrete event. So this April 15th theft, which took place a week after anything else mentioned in the plea agreement, is not relevant conduct for any of the other robberies. It's a fact the district court could consider it sentencing in applying the 3553A factors, certainly. But it's important the district court starts with the correct guidelines range. And here there was a guidelines error that affected the range, so the court should send it back for resentencing. So your position is that every plea agreement has to contain a provision stipulating to the admissibility of the dismissed charges? Because we sure see a lot of cases where there are no such stipulations. So I think the baseline point is that the guidelines normally use the offense of conviction to calculate the guidelines range. If the party – The base offense level. Right. So if the parties are going to want to do something else, then guidelines 1B1.2C says that, yes, they have to include the stipulation that's – But if, for example, if there was an enhancement for the commission of the offense while the defendant was still on probation, under probationary supervision on an earlier offense, he doesn't have to stipulate to that, does he? And he gets a two-level enhancement for that. Right, and that's why this 1B1.2 provision is very unique because it requires that the facts be included in the plea agreement. For many guidelines enhancements, they're factual issues that district courts can – you know, they can be litigated at sentencing. But here it's all tied to what's in the plea agreement. And once the plea agreement was finalized, nothing could change that. So that's why, you know, the government's suggestion that they could do something on remand, nothing can change the plea agreement. What's your position with regard to the – I don't know if it was testimony or just a statement by the victim, but could the district court consider that in fashioning the guideline calculation? No, not in calculating the guidelines range because, again, 1B1.2C says that we're limited to looking at the facts in the plea agreement. So the court could consider it for purposes of enhancing – I shouldn't use the word enhancing – varying upward under 3553A. Sure. But it could not initially calculate the guidelines with that evidence in mind. That's exactly right, Judge. Okay, we've taken you way over your time. Thank you, Your Honors. Thank you, Bob. Thank you. It's a very interesting issue. Okay, the case of United States v. Green is submitted. The case of United States v. Robert Lewis Carver is submitted. The case of Devoro Musician v. Bondi is submitted. The case of Ukichi Nahui v. Bondi is submitted. And the case for Freedom Foundation v. Turner is submitted. And we're adjourned for today and for the week. All rise.
judges: TALLMAN, IKUTA, CHRISTEN